Pennington, J.
The first error assigned in this cause is, that the state of demand does not contain a legal cause of action, inasmuch as the same does not specifically set forth whether the execution against the plaintiff in certiorari came into the hands of the defendant in certiorari as constable, or otherwise, or for what purpose. The state of demand is in substance, as follows: — That the plaintiff had an execution [*] against the defendant, in favor of Joseph Holmes, issued by Thomas Cook, justice, for a certain sum of money, which execution the plaintiff paid off to the justice, at the request of the defendant, on which the defendant had, at different times, promised to pay the plaintiff, but had failed to do it; the plaintiff signed the state of demand as constable. It *292 appears to me that this state of demand is sufficient; it is immaterial whether the execution came to the hands of the plaintiff [529] as constable or not; the gist of the action is, that the plaintiff paid the money at the request of the defendant; and that on his doing it, the defendant promised to pay him.
The second and third reasons go to the insufficiency of the evidence, which is not before this court, and was the proper subject of consideration for the justice.
An additional ei’ror is assigned, that the judgment rendered was not an absolute judgment; and that the justice deducted a sum of money from the demand of the plaintiff below, on his admitting that the defendant had paid him so much, and this against the consent of the defendant. The record, however, shows that ■ the judgment was an absolute judgment. The defendant cannot complain that the justice, on the admission of the plaintiff, rendered judgment for a less sum than is contained in the plaintiff’s demand. I am, therefore, of opinion that judgment be affirmed.
Kirkpatrick, C. J., and Eossell, J. — Were of the same opinion.
Judgment affirmed.